Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff William Chase Mitchell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHASE MITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FJERRY, LLC, a New York Limited Liability Company, individually and d/b/a "@fuckjerry," and "Jerry Media;" ELLIOT TEBELE, an Individual; JAJA SPIRITS, LLC, a New York Limited Liability Company individually and d/b/a Jaja Tequila; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. VIOLATION OF CALIFORNIA CIVIL CODE § 3344<br>2. VIOLATION OF THE LANHAM ACT 15 U.S.C. §§ 1114, 1125(a)<br>3. COPYRIGHT INFRINGEMENT<br>4. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>5. VIOLATION OF THE DMCA: 17 U.S. CODE § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## INTRODUCTION

Plaintiff William Chase Mitchell is a writer who brings this action against Defendants to seek redress for their publication of his independently created material without his consent.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.; Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121); and California Civil Code §3344.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff William Chase Mitchell ("MITCHELL") is an individual currently residing in Los Angeles County, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant FJERRY, LLC, individually and d/b/a "@fuckjerry," and "Jerry Media" (collectively, "JERRY MEDIA") is a New York limited liability company with its principal place of business located at 495 Broadway, Rm 3R, New York, NY 10012-4457.

6. Plaintiff is informed and believes and thereon alleges that Defendant ELLIOT TEBELE ("TEBELE") is an individual currently residing in New York.

7. Plaintiff is informed and believes and thereon alleges that Defendant JAJA SPIRITS, LLC, individually and d/b/a "Jaja Tequila" (collectively, "JAJA TEQUILA") is a New York limited liability company with its principal place of business located at 73 Spring St., New York, NY, 10012-5800.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GENERAL FACTUAL ALLEGATIONS

10. MITCHELL is a writer and creator.

11. MITCHELL has a substantial following on social media.

12. MITCHELL frequently posts original and independently created content on social media networks. The below screenshot reflects one such work ("Subject Content"). The Subject Content was wholly created by MITCHELL and has been registered with the U.S. Copyright Office. The Subject Content is as follows:

///

**MITCHELL'S SUBJECT CONTENT:**

> **Chase Mitchell** ✓
> @ChaseMit
>
> Thanksgiving and Christmas should be six months apart. Absurd to see those people again so soon. Insane.
>
> 9:01 PM - 13 Nov 2018
>
> 4,743 Retweets  38,682 Likes
>
> 146   4.7K   39K

13. JERRY MEDIA is a company, run and operated under the direction of TEBELE, that aggregates content from others into "curated" collections of content that it publishes and monetizes online and elsewhere and that derives revenues in large part from advertising. On information and believe it is alleged that TEBELE personally participated in the infringement alleged herein and had the right and ability to supervise said infringement and profited from said infringement.

14. JAJA is a brand of tequila owned and operated under the direction of TEBELE, that is marketed by and through JERRY MEDIA.

15. After Mitchell created and posted the Subject Content, JERRY MEDIA copied and published the Subject Content, which included MITCHELL's name and likeness, under the @fuckjerry name via its @fuckjerry Instagram account, advertising, referencing, and tagging JAJA.

16. MITCHELL is informed and believes and thereon alleges that Defendants accessed the Subject Content via an online search-and-copy campaign

and then published and exploited it without the authorization of Plaintiff. A true and correct copy of Defendants' unlawful exploitation of the Subject Content is provided below.



**DEFENDANTS' EXPLOITATION OF THE SUBJECT CONTENT:**

17. The above reveals that Defendants, and each, unlawfully published or otherwise exploited the MITCHELL's Subject Content, thus Defendants' unlawful copy is an identical duplicate of MITCHELL's original work.

18. MITCHELL at no point authorized Defendants, or any of them, to use the Subject Content as complained of herein.

19. MITCHELL sent messages to JERRY MEDIA advising of the violations of his rights and seeking redress from the above violations. JERRY MEDIA in response claimed that the Subject Content was not original or otherwise copyrightable. MITCHELL requested from JERRY MEDIA evidence in support of said claim but JERRY MEDIA declined to respond.

## FIRST CLAIM FOR RELIEF

(For Violation of California Civil Code §3344 – Against all Defendants, and Each)

20. MITCHELL repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, violated California Civil Code §3344, *et seq*., by, *inter alia*, publishing and using MITCHELL's name and likeness along with the Subject Content within the state of California for purposes of advertising and promoting both JERRY MEDIA and JAJA online, without first acquiring MITCHELL's written consent to do so.

22. Defendants, and each of them, knowingly uses MITCHELL's name, photograph, and likeness for purposes of advertising, selling, and soliciting purchases of, products, merchandise, goods or services, without MITCHELL's prior consent.

23. Due to Defendants' actions, constituting unauthorized use of MITCHELL's name and likeness, MITCHELL has suffered and continues to suffer substantial and irreparable injury, for which MITCHELL has no adequate remedy at law.

24. Due to Defendants', and each of their, unlawful acts, MITCHELL is entitled to injunctive relief barring Defendants from further violating MITCHELL's rights as alleged herein.

25. Due to Defendants', and each of their, unlawful acts, MITCHELL has suffered general and special damages in an amount to be established at trial.

26. Per statute, Defendants, and each of them, are liable for statutory damages and attorneys' fees.

27. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, have committed their unlawful acts, as alleged above, which were willful, wanton, intentional and malicious, which further subjects Defendants, and each of them, to liability for enhanced or punitive damages.

## SECOND CLAIM FOR RELIEF

(For Violation of the Lanham Act 15 U.S.C. §§ 1114, 1125—

Against all Defendants, and Each)

28. MITCHELL repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. This is a claim for trademark infringement, false advertising, unfair competition, and false designation of origin arising under 15 U.S.C. §§ 1114(a)-(b) and 1125(a).

30. Defendants have promoted and used in commerce identical or confusingly similar versions of MITCHELL's name in connection with the Subject Content and Defendants' goods or services without MITCHELL's consent in a manner that infringes upon MITCHELL's rights in violation of 15 U.S.C. §§ 1114 and 1125(a).

31. MITCHELL is informed and believes, and thereon alleges, that Defendants used MITCHELL's name in connection with the promotion, marketing, advertising of Defendants' businesses, goods, or services in a manner which is likely to cause confusion, or to cause mistake, or to deceive the public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with MITCHELL.

32. MITCHELL is informed and believes, and thereon alleges, that Defendants acts alleged herein were done with actual knowledge of MITCHELL's

ownership and prior use of his name in commerce and to the general public, and with the intent to unfairly compete, to trade upon MITCHELL's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' businesses, goods, or services are associated with, sponsored by, originate from, or are approved by MITCHELL, when they are not.

33. Defendants' activities constitute willful and intentional infringement of MITCHELL's name, directly and/or indirectly, in total disregard of MITCHELL's proprietary rights, and were done despite Defendant's knowledge that the use of MITCHELL's name was and is in direct contravention of MITCHELL's rights. At a minimum, Defendants acted with willful blindness or reckless disregard of MITCHELL's rights or the rights of the consuming public.

34. Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of MITCHELL's name in an amount that is not presently known to MITCHELL. By reason of Defendants' actions, constituting unauthorized use of MITCHELL's name, MITCHELL has been damaged and is entitled to monetary relief in an amount to be determined at trial.

35. By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, MITCHELL has been damaged and is entitled to monetary relief in an amount to be determined at trial.

36. Due to Defendants' actions, constituting unauthorized use of MITCHELL's name, MITCHELL has suffered and continues to suffer great and irreparable injury, for which MITCHELL has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

37. MITCHELL repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. MITCHELL has a valid certificate of registration for the Subject Content.

39. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, infringed MITCHELL's copyrights by creating an infringing exact copy and/or derivative work from the Subject Content and by publishing the Subject Content to the public, including without limitation, on and through its website(s) and social media sites.

40. MITCHELL is further informed and believes and thereon alleges that Defendants, and each of them, infringed MITCHELL's copyrights by displaying, publishing, or otherwise exploiting the Subject Content without MITCHELL's authorization.

41. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Content, including, without limitation, through viewing the Subject Content on MITCHELL's website or social media sites, including without limitation as accessed via a search engine, or through a third-party source.

42. MITCHELL is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to unlawfully exploit the Subject Content.

43. Due to Defendants', and each of their, acts of infringement, MITCHELL has suffered general and special damages in an amount to be established at trial.

44. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MITCHELL's rights in the

Subject Content. As such, MITCHELL is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Content in an amount to be established at trial.

45. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## FOURTH CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

46. MITCHELL repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

47. MITCHELL is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Content as alleged hereinabove.

48. MITCHELL is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication and distribution of the Subject Content as alleged hereinabove.

49. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing content at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Subject Content.

50. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, MITCHELL has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

51. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of MITCHELL's rights in the Subject Content. As such, MITCHELL is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Content, in an amount to be established at trial.

52. MITCHELL is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## FIFTH CLAIM FOR RELIEF

(For Violation of the DMCA: 17 U.S. Code § 1202—Against all Defendants, and Each)

53. MITCHELL repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

54. MITCHELL is informed and believes, and thereon alleges that Defendants, and each of them, violated section 1202 of the Copyright Act by affixing false copyright management information to its unlawful publication of the Subject Content.

55. MITCHELL is informed and believes, and thereon alleges that Defendants, and each of them affixed false copyright management information to its unlawful publication of the Subject Content knowingly and with the intent to induce, enable, facilitate, or conceal their infringement.

56. Defendants, and each of them, violated section 1202 of the Copyright Act by displaying, publishing, and distributing the Subject Content with false attribution and copyright management information that identifies Defendants, and each, as the author or source of the Subject Content. Specifically and without limitation, Defendants published the Subject Content on its own social media site with referencing the JERRY MEDIA "fuckjerry" and JAJA Instagram handles.

57. The above violation, which was willful, subjects Defendants, and each of them, to entry of judgment reflecting MITCHELL's actual damages and any additional profits of the violator under 17 USC § 1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's rights in and to the Subject Content and MITCHELL's name and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, publishing, or otherwise using MITCHELL's name.

b. Awarding Plaintiff statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

c. Awarding Plaintiff actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

d. Awarding Plaintiff costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117

e. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial,

    or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 1203.

 f. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the above statutes;

 g. That a trust be entered over the Accused Content, and all profits realized through the infringement;

 h. That Plaintiff be awarded pre-judgment interest as allowed by law;

 i. That Plaintiff be awarded the costs of this action; and

 j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 22, 2019 | By: */s/ Scott Alan Burroughs*<br>Scott Alan Burroughs, Esq.<br>Trevor W. Barrett, Esq.<br>Justin M. Gomes, Esq.<br>DONIGER / BURROUGHS<br>Attorneys for Plaintiff<br>William Chase Mitchell |